FILED '05 MAY 27 11:42 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| STEPHANIE HOLDEN,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | Civil No. 04-6271-AA<br>OPINION AND ORDER |

Mark Manning
Cram, Harder, Wells & Baron, P.C.
474 Willamette, Suite 200
Eugene, Oregon 97401
　　Attorney for plaintiff

Karin Immergut
United States Attorney
District of Oregon
Craig Casey
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

Richard Rodriguez
Special Assistant United States Attorney
Office of General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
　　Attorneys for defendant

///

///

AIKEN, Judge:

Claimant, Stephanie Holden, brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g) and § 1383 ©)(3), to obtain judicial review of a final decision of the Commissioner. The Commissioner denied plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. 42 U.S.C. §§ 401-34. For the reasons set forth below, the Commissioner's decision is reversed and remanded for payment of benefits.

## PROCEDURAL BACKGROUND

Plaintiff applied for Disability Insurance Benefits on September 25, 2002, alleging disability as of May 1, 2002. Tr. 57-59. She alleged disability due to multiple orthopaedic impairments as well as mental health impairments. Tr. 171. Plaintiff's application was denied initially and on reconsideration. Tr. 40-44, 47-50. A hearing was held before an Administrative Law Judge (ALJ) on January 7, 2004. Tr. 404-447. The ALJ issued an unfavorable decision on May 27, 2004, ruling that plaintiff was not disabled because she could work as a cashier or administrative support addresser. Tr. 13-23. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 5-7. See 20 C.F.R. §§ 404.981, 416.1481.

## STATEMENT OF THE FACTS

Plaintiff was forty-three years old at the time of the hearing. She completed high school and two years of nursing school to become a registered nurse. She has past work experience as a general duty nurse and a waitress. Plaintiff

2    - OPINION AND ORDER

alleges she is unable to work due to limitations caused by multiple orthopaedic impairments as well as mental health impairments. The relevant medical evidence is discussed below.

**STANDARD OF REVIEW**

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920. First the Secretary determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant

3  - OPINION AND ORDER

is not disabled. Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c)), 416.920(c)). If not, the claimant is not disabled.

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled. If she cannot perform past relevant work, the burden shifts to the Secretary.

In step five, the Secretary must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

Here, the ALJ found at step one that the plaintiff had not engaged in substantial gainful activity since her alleged disability onset date. Tr. 14, 21, Finding 2.

At step two, the ALJ found that plaintiff had the following

4   - OPINION AND ORDER

severe impairments: fibromyalgia, left wrist carpal tunnel syndrome, and affective disorder. Tr. 15, 22, Finding 3.

At step three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment. Tr. 15, 22, Finding 4. These findings, at Steps One through Three, are not in dispute.

The ALJ next determined that the plaintiff had the residual functional capacity to perform sedentary work with the following limitations: occasionally stoop, kneel, crouch, crawl, reach in all directions, and climb stairs or ramps; avoid balancing and climbing ropes, ladders, and scaffolds; avoid concentrated exposure to extreme heat, cold, noise, vibration, environmental irritants, hazards, and loud noises. Tr. 20, 22, Finding 6. The ALJ further determined that plaintiff had moderate mental limitations in her ability to: execute detailed instructions; accept instructions from and respond appropriately to supervisors; interact with the general public; and work in proximity to others without being distracted by them. Id. This finding is in dispute.

At step four, the ALJ found that plaintiff was not able to perform her past relevant work. Tr. 20, 22, Finding 7. This finding is not in dispute.

At step five, the ALJ found that, based on the above residual functional capacity, plaintiff could perform work existing in significant numbers in the national economy; specifically noting the positions identified by the vocational expert: check/cashier and administrative support addresser. Tr. 21, 22, Finding 11. This finding is in dispute.

5   - OPINION AND ORDER

Plaintiff alleges that the ALJ erred by improperly discrediting plaintiff's physicians, improperly discrediting plaintiff's testimony, and improperly discrediting lay witness testimony.

**DISCUSSION**

Plaintiff argues that the ALJ's decision to discredit the opinions of plaintiff's treating physicians is not supported by substantial evidence and is based on improper legal standards. The defendant argues that the court should defer to the ALJ's rational interpretation of conflicting evidence. See Batson v. Comm'r. of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Morgan v. Comm'r. of Soc. Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999).

Treating physicians are employed to cure and have greater opportunity to know and observe their patients; as such their opinions are given greater weight than opinions of other physicians. Rodriguez v. Bowen, 876 F.2d 759, 761-62 (9th Cir. 1989). The ALJ may reject the contradicted medical opinions of treating physicians if the ALJ "makes findings setting forth specific and legitimate reasons for doing so that are based on substantial evidence in the record." Magallenes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). Substantial evidence may include a non-examining physician's opinion if the opinion is consistent with other independent evidence in the record. Lester v. Chater, 81 F.3d 821, 830-31. (9th Cir. 1996).

I. DR. MORRIS' OPINION

The ALJ discredited the opinion of plaintiff's pain management specialist, Dr. Morris, who found that plaintiff was

6   - OPINION AND ORDER

disabled. Dr. Morris opined that plaintiff was prevented from working a regular schedule and standing two hours during an eight-hour day. Tr. 318. The ALJ found that Dr. Morris' opinion was not substantiated by objective clinical diagnostic evidence and physical findings. Tr. 18. Dr. Morris' opinion also was contradicted by the state's non-examining physicians, who found plaintiff capable of sedentary work. Tr. 20, 266-276.

Dr. Morris diagnosed plaintiff with chromic regional pain syndrome in the lower extremity, myofascial pain syndrome, rule out fibromyalgia, depression, and anxiety. Tr. 333. Dr. Morris opined that plaintiff would miss more than two days of work per month due to flares of her condition. Tr. 318. The ALJ agreed with Dr. Morris' diagnosis of fibromyalgia, but found that Dr. Morris' disability opinion was unsupported by objective findings. Tr. 15, 18. The ALJ's finding was based on three main factors: plaintiff reported that her pain was moderate at the time of her office visits, she had good range of motion and muscle strength, and she was able to ride horses and walk at various times throughout the week. Tr. 17-18. I disagree, and note that objective findings by Dr. Morris support his conclusion that plaintiff was unable to sustain sedentary work. Further, the ALJ failed to provide proper reasons to discredit Dr. Morris' opinion.

The ALJ's finding was based in part on plaintiff's reports of only mild to moderate pain at the time of her doctor appointments. Tr. 17. Plaintiff, however, reported that her pain fluctuated: her worst pain was nine on a scale of one to ten, her lowest pain was a three on the scale of ten, and her

7   - OPINION AND ORDER

sleep was often disrupted. Plaintiff's Memo p. 3, 6. Tr. 331, 332. Dr. Morris found a range of ten to fourteen of eighteen tender points to be positive, and also noted positive Tinel's at the carpal tunnel ligaments. Tr. 312, 316, 324, 326, 333, 383. These findings by Dr. Morris support plaintiff's contention that she experienced pain. The fact that plaintiff's pain happened to be lower at the time of her appointments is not substantial evidence that plaintiff's pain was not high enough to prevent her from maintaining regular employment.

The ALJ also found that Dr. Morris' disability opinion was unsubstantiated because plaintiff had good range of motion and muscle strength. Tr. 17. Fibromyalgia, however, causes pain throughout a person's body, which may limit their ability to perform even the demands of sedentary employment. See Benecke v. Barnhart, 359 F.3d 587, 594 (9th Cir. 2004). Having a good range of motion and muscle strength is not substantial evidence that a person with fibromyalgia is able to hold sustained employment.

The ALJ also relied on plaintiff's report that she could walk 45 minutes or ride horses a few times per week as substantial evidence to discredit Dr. Morris' opinion that plaintiff was disabled. Tr. 17-18. The fact that plaintiff took advantage of opportunities to engage in her hobbies when her pain had lessened does not necessarily mean she could function at work on a regular schedule. This issue will be covered in more detail below in the discussion of plaintiff's credibility. This fact is not substantial evidence to discredit Dr. Morris' opinion that plaintiff was prevented from working a regular schedule and standing two hours during an eight-hour day.

8   - OPINION AND ORDER

II. PLAINTIFF'S CREDIBILITY

The Commissioner asserts that Dr. Morris based his disability finding largely on plaintiff's subjective reports, and that the ALJ properly found these reports not credible. Defendant's Brief, p. 12. A physician's opinion of disability "premised to a large extent upon the claimant's own accounts of his symptoms and limitations" may be disregarded where those complaints have been "properly discounted." Morgan, 169 F.3d at 602. (internal citation omitted). An ALJ must engage in a two-step analysis when considering a claimant's subjective symptom testimony. Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996). First, a claimant must produce objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of symptom. Id. at 1281-82. Second, if the claimant produces such evidence, and if the record lacks evidence of malingering, an ALJ may find a claimant not entirely credible by giving specific, clear, and convincing reasons. Id. at 1283-84.

Plaintiff has produced objective evidence of an impairment that could produce symptoms resulting in limitations of her mental and physical capacity. The ALJ did not find that plaintiff was malingering. Therefore, the analysis moves to a credibility determination.

An ALJ may discredit a claimant's subjective complaints only by making specific findings and stating clear and convincing reasons for doing so. Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). One way to do this is by identifying inconsistencies between the complaints and activities of daily living. Thomas v.

9    - OPINION AND ORDER

Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002). The ALJ found that plaintiff was not credible because she took part in activities that contradicted her subjective complaints of pain and disability: cooking, shopping, housekeeping, redecorating, home schooling her daughter, driving, and caring for her horses. Tr. 18

These activities, however, are not inconsistent with plaintiff's subjective complaints; plaintiff contends that her pain fluctuated and she tried to do what she could to help around the house at the times when her pain was lessened. Tr. 344, 427-428. The ability to participate in some daily activities is not inconsistent with disability under the Social Security Act. Reddick v. Chater, 157 F.3d 715, 724 (9th Cir. 1998). See also Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) ("Many home activities are not easily transferable to ... the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication.")

Plaintiff reported that she was limited in her ability to do these activities; for example, plaintiff home schooled her daughter, but often did so while bedridden. Tr. 425. She also reported that she needed progressively more help from other family members in activities such as cooking, cleaning, shopping, and driving. Tr. 344, 427-428. She reported that she could do little during the bathroom redecoration besides some painting with her right hand, and she was unable to do this for very long. Tr. 430. Plaintiff also testified that she had limited interaction with her horses due to pain and usually could only spend one hour with them before she would need to leave, but that

10   - OPINION AND ORDER

her horses were important to her and she tried to spend time with them when she could. Tr. 424, 431. She also reported that she could not ride anymore without falling off. Tr. 432. Plaintiff's attempts to engage in her hobbies or contribute to household chores as much as possible are not clear and convincing reasons for the ALJ to draw an adverse inference as to plaintiff's credibility regarding her limitations.

The Commissioner states that there is no objective evidence to support plaintiff's statements about her limitations. The Commissioner acknowledges that an ALJ may not base his credibility determination solely on a lack of objective evidence, so that even if the ALJ found no objective evidence, that fact still would not be dispositive. Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991). Regardless, I find some objective evidence to support plaintiff's credibility and statements about her limitations.

The Commissioner states that the lack of objective evidence of plaintiff's limitations includes plaintiff's negative back x-ray. Contrary to the Commissioner's assertion, however, there was evidence of a sprain of plaintiff's back, supporting her contention of pain. Tr. 18. The ALJ noted that plaintiff was not walking with a limp on May 13, 2002 as further evidence that plaintiff was not in pain. Tr. 17. However, Dr. Emory, plaintiff's primary care physician, noted that plaintiff was walking with a limp on June 4, 2002. Tr. 188. The fact that plaintiff did not always have a limp is consistent with her description of pain that "waxes and wanes." Tr. 316. The Commissioner argues that Dr. Cutler's records indicated that

11   - OPINION AND ORDER

plaintiff's carpal tunnel syndrome was improving, but Dr. Cutler recommended surgery even after her grip strength improved. Tr. 17, 403. Dr. Lockfeld also found evidence of carpal tunnel syndrome, as well as "typical myofascial tender points." Tr. 291. The Commissioner stated that plaintiff required no emergency pain treatment, but plaintiff visited the emergency room on 5/11/02 due to heel pain. Tr. 222-23. Also, both Drs. Morris and Lockfeld found that plaintiff had diminished pinprick sensation in her left foot. Tr. 297, 312. These are all examples of objective evidence to support plaintiff's credibility and statements about her limitations.

The Commissioner argues that there is evidence that plaintiff exaggerated her limitations, and this evidence supports the ALJ's determination that plaintiff was not credible.

In determining that plaintiff was not credible, the ALJ relied heavily on Dr. Lockfeld's observation that there may have been "some degree of embellishment present" during plaintiff's visit. Tr. 18-19. However, Dr. Lockfeld also reportedly found evidence of carpal tunnel syndrome, noted that "typical myofascial tender points" were present, suggested that plaintiff may have chronic fatigue syndrome, and ordered more tests to rule out a neurologic lesion. Tr. 295-299. Also, there were no suggestions from any other treating physicians that plaintiff was embellishing her symptoms. This one statement relied upon by the ALJ is not clear and convincing evidence that the plaintiff is not credible.

Finally, the Commissioner argues that evidence that plaintiff had a pecuniary motive supports the ALJ's determination

12    - OPINION AND ORDER

that plaintiff was not credible. The Commissioner argues that the plaintiff had secondary gain motives to receive Social Security benefits, because she was stressed about bankruptcy and her mortgage payment and requested that her physician complete a disability form for the mortgage company. Tr. 187. However, by definition, every claimant for Social Security benefits has clear knowledge and intent for pecuniary gain. See Ratto v. Dept. of Health and Human Services, 839 F. Supp 1415, 1428 (D. Or. 1993). Here, plaintiff complained of pain symptoms months before asking her physician to complete the disability form for the mortgage company. Plaintiff's Reply p. 7; Tr. 189. The fact that plaintiff would receive a suspension of her mortgage payments if found to be disabled is not a clear and convincing reason to discredit plaintiff's testimony.

An award of benefits is appropriate when: (1) the ALJ failed to give legally sufficient reasons for rejecting evidence; (2) no outstanding issues remain; and (3) it is clear the ALJ would be required to award benefits when the improperly rejected evidence is credited. Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000), cert. denied, 531 U.S. 1038 (2000). Because the ALJ improperly rejected evidence that would have required an award of benefits, this court finds an award of benefits is appropriate.

The ALJ failed to give legally sufficient reasons for discrediting plaintiff's testimony. Because plaintiff's complaints were improperly discounted, the ALJ erred in disregarding Dr. Morris' opinion, which relied in part on plaintiff's testimony. The ALJ also erred in disregarding Dr. Morris' opinion because the opinion was supported by objective

13  - OPINION AND ORDER

diagnostic evidence.

No outstanding issues remain in plaintiff's case, and when the improperly rejected evidence is credited it establishes plaintiff is disabled and entitled to benefits. The vocational expert testified that Dr. Morris' opinion, if credited, would find plaintiff disabled and unable to work; this finding requires the ALJ to award benefits. Tr. 445. Because the criteria of Harmon v. Apfel is met, this court finds that an award of benefits is appropriate.

Moreover, because the error found by this court allows a reversal of the ALJ's decision, the court declines to address plaintiff's other allegations of error.

## CONCLUSION

The Commissioner's decision is not based on substantial evidence, and is therefore reversed and remanded for payment of benefits.

IT IS SO ORDERED.

Dated this 28 day of May 2005.

_____
Ann Aiken
United States District Judge

14  - OPINION AND ORDER